IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
December 03, 2021 08:48 AM
SX-2018-CV-00283
**TAMARA CHARLES**
**CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| ST. CROIX FINANCIAL CENTER, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> JACKSTAR, INC. AND JEFF LACROIX, <br><br> DEFENDANTS. | Civil No. SX-18-CV-283 <br><br> ACTION FOR DAMAGES <br><br> JURY TRIAL DEMANDED <br><br> CITE AS: 2021 VI SUPER 117U |

**Appearances:**
**Lisa Michelle Komives**
**Dudley Newman Feuerzeig LLP**
St. Thomas, U.S. Virgin Islands
*For Plaintiff*

**Dwayne Henry, Esq.**
St. Croix, U.S. Virgin Islands
*For Defendants*[1]

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1     **THIS MATTER** is before the Court for review *sua sponte*.

### BACKGROUND

¶ 2     On August 6, 2018, Plaintiff St. Croix Financial Center, Inc. (hereinafter "Plaintiff") filed a verified complaint against Defendant Jackstar, Inc. (hereinafter "Jackstar") and Defendant Jeff LaCroix (hereinafter "LaCroix" and together with Defendant Jackstar, "Defendants") in connection with a lease agreement and a personal guaranty for the building located at Parcel No. 2 of Estate Southgate, St. Croix U.S. Virgin Islands (hereinafter "Leased Premises"). In the verified complaint, Plaintiff alleged the following counts: Count I-breach of contract, Count II-debt, and Count III-fraud; Plaintiff requested the following prayers for relief: (i) $145,190.84 in unpaid rent,

---

[1] *See* "IV. Dwayne Henry, Esq.'s March 4, 2020 Motion to be Relieved as Counsel."

additional rent, utilities and other charges; (ii) $26,135.98 in interest on all unpaid amounts, including accrual through the date of judgment; (iii) $14,941.90 in late fees for unpaid amounts, including accrual through the date of judgment; (iv) reasonable costs and attorney's fees from April 30, 2019 through the date judgment is rendered; (v) pre-judgment and post-judgment interest on all amounts awarded; and (vi) all other and further legal and equitable relief appropriate in the premises.

¶ 3 On December 27, 2018, upon Plaintiff's motion for entry of default against Defendant LaCroix, the Clerk of the Court entered default against Defendant LaCroix.

¶ 4 Subsequently, although the entry of default against Defendant LaCroix was never vacated, on February 15, 2019, Dwayne Henry, Esq. filed a notice of appearance for Defendants and filed an answer in response to Plaintiff's verified complaint.

¶ 5 On June 26, 2019, the Court accepted the parties proposed stipulated scheduling order and entered it as the scheduling order in this matter.

¶ 6 On September 13, 2019, Plaintiff filed a motion to compel discovery responses to Plaintiff's first set of interrogatories and first set of requests for production of documents, served on June 21, 2019.

¶ 7 On November 15, 2019, Plaintiff filed a motion for summary judgment against both Defendants.

¶ 8 On February 4, 2020, Plaintiff filed a motion for ruling on its outstanding motions, or alternatively, a status conference.

¶ 9 On March 4, 2020, Dwayne Henry, Esq. filed a motion to be relieved as counsel for Defendants.

¶ 10    On June 25, 2020, a status conference was scheduled via the scheduling order but neither Plaintiff nor Defendants appeared.

¶ 11    On July 6, 2020, the Court entered an order whereby the Court ordered that "that Dwayne Henry, Esq 's motion to be relieved as counsel for defendants, is GRANTED upon filing proof of service," "that this matter shall be stayed for a period of forty five (45) days to allow Defendants an opportunity to retain new counsel, and so advise the Court by filing a notice," and "that Dwyane Henry, Esq serve a copy of this Order on defendants and file proof of service of same with the Court, within twenty (20) days." (July 6, 2020 Order.)

¶ 12    On September 21, 2020, Plaintiff filed a motion for ruling on its outstanding motions.

¶ 13    On July 9, 2021, Plaintiff filed a renewed motion for summary judgment against both Defendants.

## DISCUSSION

### I.    The Default Entered Against Defendant LaCroix

¶ 14    Given that subsequent to the entry of default, Defendant LaCroix appeared and filed an answer in this matter, the Court will vacate the default entered against Defendant LaCroix.

### II.    Plaintiff's September 13, 2019 Motion to Compel Discovery Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents, Served on June 21, 2019

¶ 15    In its motion, Plaintiff moved the Court to order Defendants to "fully respond, without objection, to [Plaintiff's] interrogatories and requests for production," order Defendants to "pay the attorneys' fees reasonably incurred by [Plaintiff] in connection with bringing this motion, and "award [Plaintiff] other such relief as the Court deems just and proper." (Sept. 13, 2019 Motion, p. 4.) Plaintiff made the following assertion in support of its motion: (i) "On June 21, 2019, [Plaintiff] served interrogatories and requests for production on each Defendant." (Id., at p. 1); (ii)

The "responses to the discovery were due by July 24, 2019; however, to date, no responses have been received." (Id.); (iii) "On July 30, 2019, counsel for [Plaintiff] sent a letter outlining the facts and law relating to Defendants' delinquent discovery responses and requesting a Rule 37.1 'meet and confer' regarding the same."[2] (Id.); (iv) The meet and confer "ultimately took place, via telephone, on August 26, 2019." (Id., at p. 2); (v) "The delay in scheduling the 'meet and confer' was caused by counsel for Defendants' failure to respond to counsel for [Plaintiff's] first two requests for dates for the conference." (Id.); (vi) "During the meet and confer conference, counsel for Defendants did not dispute that responses to the discovery were both required and overdue" but "explained that not responding to the discovery was a tactical decision by Defendants to save money to put towards settling the case." (Id.); (vii) "Counsel for Defendants also stated that a settlement proposal would be provided by the close of business on Wednesday, August 28, 2019" and when Defendants failed to provide a settlement proposal by that date, Plaintiff sent a follow-up email to Defendants on August 30, 2019.[3] (Id.); (viii) "Counsel for Defendants did not respond to that August 30, 2019 email, and no settlement offer was presented." (Id., at p. 3); (ix) On September 4, 2019, Plaintiff "wrote to counsel for Defendants and stated if no settlement proposal or discovery response had been received by close of business on Friday, September 8, 2019, a motion to compel discovery responses would be filed."[4] (Id.); (x) "Counsel for Defendants did not respond to that September 4, 2019 email, and neither a settlement offer, nor discovery responses, have been provided." (Id.); and (xi) "Defendants' failure to timely respond to the requests for production and interrogatories has waived any objections to that discovery."[5] (Id.)

---

[2] A copy of the July 30, 2019 letter was attached to the motion as Exhibit 1.

[3] A copy of the August 30, 2019 email was attached to the motion as Exhibit 2.

[4] A copy of the September 4, 2019 email was attached to the motion as Exhibit 3.

[5] Plaintiff referenced: *Rhymer v. Kmart, Corp.*, 2008 WL 2810483 (D.V.I. July 21, 2008).

### A. Standard of Review

¶ 16    Rule 33 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 33") permits a party to serve on any other party written interrogatories, V.I. R. Civ. P. 33(a), and requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." V.I. R. Civ. P. 33(b)(3). Under Rule 33, "[t]he grounds for objecting to an interrogatory must be stated with specificity" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." V.I. R. Civ. P. 33(b)(1)(B)(4).

¶ 17    Rule 34 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 34") permits a party to serve on any other party requests for production of documents or tangible things to inspect and requests for entry, V.I. R. Civ. P. 34(a), and requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" and "the responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection." V.I. R. Civ. P. 34(b)(2)(B). Under Rule 34, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" and "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." V.I. R. Civ. P. 34(b)(2)(B). Untimely objections to requests for production are deemed waived. *See Klotzbach v. V.I. Water & Power Auth.*, 74 V.I. 381, 390 (V.I. Super. Ct. June 14, 2021) ("The Court agrees if WAPA did not make a timely objection stating the requested customer information was 'private or confidential,' then WAPA waives that objection.").

¶ 18    Rule 37 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 37") governs

Rule 33 and Rule 34 violations. Rule 37 provides that "[a] party seeking discovery may move for

an order compelling an answer, designation, production, or inspection…if: … (iii) a party fails to

answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or

fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested

under Rule 34." V.I. R. CIV. P. 37(a)(3)(B)(iii)-(iv). Rule 37 further provides that "[a] failure

described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was

objectionable, unless the party failing to act has a pending motion for a protective order under Rule

26(c)." V.I. R. CIV. P. 37(d)(2). Under Rule 37, "the court must, after giving an opportunity to be

heard, require the party or deponent whose conduct necessitated the motion, the party or attorney

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the

motion, including attorney's fees" if the motion is granted, or "apportion the reasonable expenses

for the motion" if the motion is granted in part and denied in part. V.I. R. CIV. P. 37(a)(5)(A), (C).

Moreover, under Rule 37, "[t]he court may, on motion, order sanctions" for such Rule 33 and Rule

34 violations. V.I. R. CIV. P. 37(d)(1)(A)(ii).

### B. Discussion

¶ 19    The Court will note at the outset that the Court finds the Plaintiff has in good faith conferred

or attempted to confer with Defendants.[6]

---

[6] Motions related to discovery pursuant to Rules 26 through 37 of the Virgin Islands Rules of Civil Procedure are governed by Rules 37 and 37.1 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 37" and "Rule 37.1," respectively). Rule 37 and Rule 37.1 mandates that the moving party submit a certification with its motion certifying that both parties engaged in substantive, good faith negotiations before filing a discovery motion. V.I. CIV. P. 37(a) and 37.1(a). *See* V.I. R. CIV. P. 37(a) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); V.I. R. CIV. P. 37.1(a) ("Prior to filing any motion relating to discovery pursuant to Rules 26 through 37, other than a motion relating to depositions under Rule 30, counsel for the parties and any self-

¶ 20    Based on the record in this matter, it is undisputed that Defendants were served with Plaintiffs' first set of interrogatories and first set of requests for production of documents. Defendants violated Rule 33 and Rule 34 when they failed to timely respond to Plaintiffs' first set of interrogatories and first set of requests for production of documents. There is no pending motion for a protective order under Rule 26(c), so Defendants' failure is not excused. Thus, at this juncture, the Court will grant Plaintiffs' September 13, 2019 motion to compel and order Defendants to serve their responses without objections to Plaintiffs' first set of interrogatories without objections[7] and first set of requests for production of documents. Furthermore, the Court will schedule a hearing, as required under Rule 37, on the issue of awarding Plaintiff reasonable expenses incurred in making the motion, including attorney's fees. *See* V.I. R. CIV. P. 37(a)(5)(A) ("If the motion is granted….the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

¶ 21    The Court is cognizant that sanctions may be available for such Rule 33 and Rule 34 violations—to wit, Rule 37(d)(1)(A)(ii) provides that "[t]he court may, on motion, order sanctions" for such Rule 33 and Rule 34 violations. "The canons of construction in statutory interpretation apply equally to the interpretation of court procedural rules," *Whyte v. Bockino*, 69 V.I. 749, 754-55 (V.I. 2018), and "[t]he first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning," *Miller v. People of the V.I.*, 67 V.I. 827, 844 (V.I. 2017). It is well settled that when the language of a statute is plain and unambiguous, no

---

represented parties shall confer in a good faith effort to eliminate the necessity for the motion -- or to eliminate as many of the disputes as possible.").

[7] Based on the record in this matter, the Court does not find good cause to excuse Defendants' failure to timely object to Plaintiff's first set of interrogatories.

further interpretation is required. *See, Thomas v. People of the V.I.*, 69 V.I. 913, 925 (V.I. 2018) (noting that "because 'the statutory language [of 14 V.I.C. § 2101(a)] is plain and unambiguous, no further interpretation is required'"); *see also, Codrington v. People of the V.I.*, 57 V.I. 176, 185 (2012) ("Accordingly, when the language of a statute is plain and unambiguous, a court does not look beyond the language of the statute in interpreting the statute's meaning."). Consequently, the plain and unambiguous language of Rule 37(d)(1)(A)(ii) controls and the Court may, on motion, order sanctions. Here, Plaintiff did not file a motion for sanctions. As such, the Court will not order any sanctions at this time.

## III. Plaintiff's November 15, 2019 Motion for Summary Judgment and Plaintiff's February 4, 2020 Motion for Ruling on its Outstanding Motions

¶ 22     The Court finds that Plaintiff implicitly withdrew its prior November 15, 2019 motion for summary judgment and February 4, 2020 motion for ruling on its outstanding motions when it filed the July 9, 2021 renewed motion for summary judgment and September 21, 2020 motion for ruling on its outstanding motions. *See Magras v. National Industrial Services, et al.*, 2021 V.U. Super 50U, ¶ 8; *see also, In re Refinery Dust Claims*, 72 V.I. 256, 290 (Super. Ct. Dec. 13, 2019) (citing *Mitchell v. Gen. Eng'g Corp.*, 67 V.I. 271, 278 (Super. Ct. Feb. 23, 2017) ("a motion can also be deemed withdrawn based on certain actions or inactions of the party who filed the motion"). As such, Plaintiff's November 15, 2019 motion for summary judgment and February 4, 2020 motion for ruling on its outstanding motions will be deemed withdrawn.

## IV. Dwayne Henry, Esq.'s March 4, 2020 Motion to be Relieved as Counsel

¶ 23     The record does not reflect that the proofs of service for Defendants were ever filed by Dwayne Henry, Esq. as ordered by the July 6, 2020 order. Thus, Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as counsel was never granted. *See* July 6, 2020 order ("Dwayne Henry,

Esq.'s motion to be relieved as counsel for defendants, is GRANTED upon filing proof of service"). As such, as of the date of this Order, Dwayne Henry, Esq. is still the counsel of record for Defendants.

## V.       Plaintiff's September 21, 2020 Motion for Ruling on its Outstanding Motions

¶ 24     The Court will grant Plaintiff's September 21, 2020 motion for ruling on its outstanding motions and address the outstanding motions in this Memorandum Opinion and Order.

## VI.      Plaintiff's July 9, 2021 Renewed Motion for Summary Judgment

¶ 25     The certificate of service attached to Plaintiff's July 9, 2021 renewed motion for summary judgment indicated that "on this 8th day of July 2021, a true and correct copy of ST. CROIX FINANCIAL CENTER INC.'S RENEWED MOTION FOR SUMMARY JUDGMENT, which does not exceed the page or word limitations in Rule 6(e), was sent via electronic mail to: Jeff LaCroix, jeff.lacroix@aim.com." (July 9, 2021 Motion.) The Court has several concerns regarding the service of Plaintiff's July 9, 2021 renewed motion for summary judgment.

¶ 26     First, the certificate of service did not include Defendant Jackstar and thus, Defendant Jackstar was not served with a copy. According to the proof of service for the summons and complaint for Defendant Jackstar, Defendant Jackstar was served in this matter via its registered agent Bernard C. Pattie. Thus, it is unclear whether Defendant Jackstar was ever served with a copy of Plaintiff's July 9, 2021 renewed motion for summary judgment.

¶ 27     Second, there is nothing in the record that indicates that Defendant LaCroix consented in writing to service via electronic means. Rule 5(b) of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 5(b)") provides a list of acceptable methods of service for papers other than the

*St. Croix Financial Center, Inc. v. Jackstar, Inc., et al.*
SX-18-CV-283
**Memorandum Opinion and Order**
Page 10 of 14

2021 VI SUPER 117U

complaint and summons.[8] Under Rule 5(b)(2)(E), "[a] paper is served under this rule by:...(e) sending it by electronic means if the person has consented in writing – in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served;..." V.I. R. Civ. P. 5(b)(3)(E). Thus, without Defendant LaCroix's consent to receive service by electronic means, Defendant LaCroix was not properly served with a copy of Plaintiff's July 9, 2021 renewed motion for summary judgment.[9]

¶ 28    Finally, Plaintiff's July 9, 2021 renewed motion for summary judgment was filed after the Court entered the July 6, 2020 order. However, as noted above, the record does not reflect that the proofs of service for Defendants were ever filed by Dwayne Henry, Esq. as ordered by the July 6, 2020 order. Thus, it is unclear whether Defendants were aware of the Court's July 6, 2020 order

---

[8] Rule 5(b) of the Virgin Islands Rules of Civil Procedure provides:

(b) Service: How Made.

(1) *Serving an Attorney.* If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

(2) *Service in General.* If service by filing and transmission of notice under the Virgin Islands Electronic Filing Rules is not applicable, a paper is served under this rule by:

(A) handing it to the person;

(B) leaving it:

(i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

(ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(C) mailing it to the person's last known address -- in which event service is complete upon mailing;

(D) leaving it with the Virgin Islands Marshal for service, if possible, if the person has no known address;

(E) sending it by electronic means if the person has consented in writing -- in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person has consented to in writing -- in which event service is complete when the person making service delivers it to the agency designated to make delivery.

V.I. R. Civ. P. 5(b)(2).

[9] Given that Defendant LaCroix did not consent to receive service by electronic means, it is entirely feasible that Defendant LaCroix does not check his "jeff.lacroix@aim.com" email account, and thus, never received a copy of Plaintiff's July 9, 2021 renewed motion for summary judgment.

*St. Croix Financial Center, Inc. v. Jackstar, Inc., et al.*
SX-18-CV-283
**Memorandum Opinion and Order**
Page 11 of 14

2021 VI SUPER 117A

granting Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as counsel upon filing proof of service of the July 6, 2020 order on Defendants.[10] As such, even assuming that Defendants were properly served with a copy of Plaintiff's July 9, 2021 renewed motion for summary judgment, they may have been under the impression that their counsel Dwayne Henry, Esq. would respond thereto and thus, they did not respond or retain new counsel to respond on their behalf. Nevertheless, as also noted above, Dwayne Henry, Esq. is still the counsel of record for Defendants as of the date of this Order and thereby, Dwayne Henry, Esq. was the counsel of record when Plaintiff filed its July 9, 2021 renewed motion for summary judgment. However, Dwayne Henry, Esq. may have been under the impression that he has been relieved as counsel for Defendants and thus, he did not file a response on their behalf.

¶ 29    At this juncture, out of abundance of caution to ensure that Defendants are properly served with Plaintiff's July 9, 2021 renewed motion for summary judgment, and that Defendants are properly apprised of what has happened in this matter (e.g., Dwayne Henry, Esq. filed a motion to be relieved as their counsel and that the Court entered the July 6, 2020 order in response thereto) and given the opportunity to file a response or retain new counsel to file a response on their behalf to Plaintiff's July 9, 2021 renewed motion for summary judgment, the Court will order: (i) Dwayne Henry, Esq. to serve a copy of the July 6, 2020 order and a copy of this Memorandum Opinion and Order on Defendants, with the method of service in compliance with the Virgin Islands Rules of Civil Procedure, and file the proofs of service thereto; Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as counsel for defendants, will be granted upon filing proof of service of the

---

[10] In fact, it is unclear whether Defendants were even aware of Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as counsel since the certificate of service attached thereto did not indicate that a copy of said motion was served and did not include Defendant Jackstar—to wit, the certificate of service attached to Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as counsel indicated that "on the 26th day of February 2020, I caused a true and exact copy of my Answer to be served on to be served on the following person: Jeffrey LaCroix, via certified mail."

*St. Croix Financial Center, Inc. v. Jackstar, Inc., et al.*
SX-18-CV-283
**Memorandum Opinion and Order**
Page 12 of 14

2021 VI SUPER 174A

aforementioned documents; (ii) Plaintiff to serve a copy of its July 9, 2021 renewed motion for summary judgment on Defendants, with the method of service in compliance with the Virgin Islands Rules of Civil Procedure, and file the proofs of service thereto; and (iii) Defendants to file a response or retain new counsel to file a response on their behalf to Plaintiff's July 9, 2021 renewed motion for summary judgment within forty-five days if they choose to do so. After the forty-five-day period has passed, the Court will rule on Plaintiff's July 9, 2021 renewed motion for summary judgment with or without a response from Defendants unless the circumstances then require otherwise.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that the default entered against Defendant LaCroix on December 27, 2018 shall be and is hereby **VACATED**. It is further:

**ORDERED** that Plaintiffs' September 13, 2019 motion to compel Defendants to respond to Plaintiffs' first set of interrogatories and first set of requests for production of documents is **GRANTED**. It is further:

**ORDERED** that, **within twenty (20) days from the date of entry of this Memorandum Opinion and Order**, Defendants shall serve their responses without objections to Plaintiffs' first set of interrogatories without objections and first set of requests for production of documents. It is further:

**ORDERED** that on _January 27_, 2022, at _9:00_ a.m./p.m. via zoom, Defendants and Dwayne Henry, Esq.[11] shall appear for a hearing on the issue of awarding

---

[11] Dwayne Henry, Esq. was the counsel of record for Defendants when Defendants were served with Plaintiffs' first set of interrogatories without objections and first set of requests for production of documents, and he met and conferred with Plaintiff regarding said discovery. Thus, even if Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as

*St. Croix Financial Center, Inc. v. Jackstar, Inc., et al.*
SX-18-CV-283
**Memorandum Opinion and Order**
Page 13 of 14

2021 VI SUPER 1174

Plaintiff reasonable expenses incurred in making the September 13, 2019 motion to compel, including attorney's fees, as required under Rule 37(a)(5)(A). It is further:

**ORDERED** that, **within twenty (20) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall file a notice advising the Court of the reasonable expenses Plaintiff incurred in making the September 13, 2019 motion to compel Defendants to respond to Plaintiffs' first set of interrogatories and first set of requests for production of documents. A copy of the notice shall be served on Defendants and Dwayne Henry, Esq., with the method of service in compliance with the Virgin Islands Rules of Civil Procedure. It is further:

**ORDERED** that Plaintiff's November 15, 2019 motion for summary judgment and Plaintiff's February 4, 2020 motion for ruling on its outstanding motions are **DEEMED WITHDRAWN**. It is further:

**ORDERED** that Plaintiff's September 21, 2020 motion for ruling on its outstanding motions is **GRANTED**. It is further:

**ORDERED** that, **within twenty (20) days from the date of entry of this Memorandum Opinion and Order**, Dwayne Henry, Esq. shall **SERVE** a copy of the July 6, 2020 order and a copy of this Memorandum Opinion and Order on Defendants, with the method of service in compliance with the Virgin Islands Rules of Civil Procedure, and **FILE THE PROOFS OF SERVICE** thereto. Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as counsel for defendants, is **GRANTED UPON FILING PROOF OF SERVICE** for the aforementioned documents. Until Dwayne Henry, Esq. files the proof of service for the aforementioned documents,

---

counsel is granted subsequent to the entry of this Memorandum Opinion and Order, he still needs to appear for this hearing and he still may be found responsible, wholly or partially, for the reasonable expenses Plaintiff incurred in making the September 13, 2019 motion to compel, including attorney's fees.

*St. Croix Financial Center, Inc. v. Jackstar, Inc., et al.*
SX-18-CV-283
**Memorandum Opinion and Order**
Page 14 of 14

2021 VI SUPER 11714

Dwayne Henry, Esq. remains the counsel of record for Defendants unless Defendants advises the Court that they retained new counsel. It is further:

**ORDERED** that, **within twenty (20) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall **SERVE** a copy of its July 9, 2021 renewed motion for summary judgment on Defendants, with the method of service in compliance with the Virgin Islands Rules of Civil Procedure, and **FILE THE PROOFS OF SERVICE** thereto. **And** it is further:

**ORDERED** that, **within forty-five (45) days from the date of service of a copy of the July 6, 2020 order, a copy of this Memorandum Opinion and Order, and a copy of July 9, 2021 renewed motion for summary judgment, whichever date is later**, Defendants **MAY** file a response or retain new counsel to file a response on their behalf to Plaintiff's July 9, 2021 renewed motion for summary judgment. The parties are notified that the Court will rule on Plaintiff's July 9, 2021 renewed motion for summary judgment with or without a response from Defendants unless the circumstances then require otherwise.

**DONE and so ORDERED this** _3rd_ **day of December 2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court
By: _____
Court Clerk Supervisor

Dated: _____ 12/05/2021

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**